ADAM I. GAFNI (CA Bar # 230045)
WOOLF GAFNI & CIRLIN LLP
10850 Wilshire Blvd, Suite 510
Los Angeles, California 90024
Tel: 310-474-8776
Fax: 310-919-3037
Email: adam.gafni@wgclawyers.com

Attorney for Plaintiff,
VINCENT KHOURY TYLOR

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KHOURY TYLOR,<br><br>Plaintiff,<br><br>vs.<br><br>ASIAN TOURIST GUIDES, INC., dba www.chinesetouristguides.com, DOES 1 THROUGH 10,<br><br>Defendants. | Case No. 2:14-cv-05971-RGK (MRWx)<br><br>[Assigned to the Hon. R. Gary Klausner]<br><br>**JOINT STATUS REPORT OF PLAINTIFF VINCENT KHOURY TYLOR AND DEFENDANT ASIAN TOURIST GUIDES, INC. dba www.chinesetouristguides.com PURSUANT TO RULE 26(f) AND THIS COURT'S ORDER**<br><br>Rule 26(f) Scheduling Conference<br><br>Date: December 1, 2014<br>Time: 9:00 a.m.<br>Place: 255 E. Temple St.<br>Los Angeles, CA 90012 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Order Requiring Joint Status Report, Plaintiff, VINCENT KHOURY TYLOR ("Plaintiff") and

Defendant ASIAN TOURIST GUIDES dba www.chinesetouristguides.com, ("Defendant") jointly submit this Status Report.

## I.

## RULE 26(f) REQUIREMENTS

### A. Rule 26(f)(3)(A) – What Changes Should be Made in the Timing, Form, or Requirement for Disclosure Under Rule 26(A), Including a Statement of When Initial Disclosures Were Made or Will be Made.

The parties do not anticipate making any changes to the requirement for disclosures under Rule 26(a), except that the parties agree to extend time for initial disclosures to October 15, 2014.

### B. Rule 26(f)(3)(B) – The Subjects on Which Discovery May Be Needed, When Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focused on Particular Issues.

The parties' preliminary assessment is that discovery may be required on, but not limited to:

a) The allegations in the complaint and any responsive documents;
b) Evidence of the copyrights allegedly infringed;
c) Defendants response to notice of infringement;
d) Use and display of the infringing image before and after notice;
e) The allegations in the Answer;
f) All affirmative defenses raised in the Answer;
g) Factors related to damages, including but not limited to statutory damages;
h) Profits derived from the use and display of the infringing image;
i) Identity of the creators of Defendant's commercial website;
j) Information related to visits by others to website;
k) Information related to the use of the subject images by defendant;

l) All data related to the subject images, which was and/or is stored on Defendant's servers and/or in Defendant's possession, including but not limited to all data that shows who viewed the image and when through both websites;

m) Plaintiff's claimed authorship of the work in question;

n) Plaintiff's licensing and distribution of the work in question;

o) Plaintiff's purported damages as a result of the alleged infringement.

The parties reserve the right to object to such discovery and to expand the scope of discovery as the case progresses.

The parties anticipate needing no more than nine (9) months to conduct discovery and will be ready to try this case.

The Parties believe that all fact discovery can be completed by April 15, 2015, which will include written discovery and depositions, and that the parties will be willing and able to proceed with trial in this matter by July 27, 2015

At this time, the Parties anticipate the possibility of designating experts. Should the parties intend to retain any testifying experts, all mandatory disclosures for such experts, shall be made as follows: discovery by the party having the burden of proof by February 16, 2015, by March 16, 2015, for the opposing party, and by April 15, 2015 replies to the opposing reports.

In compliance with Rule 26(a)(2), expert disclosures will include: the identity of any witness the party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. In addition, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to

summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

**C. Rule 26(f)(3)(C) - Any Issues About Disclosure or Discovery of Electronically Stored Information, Including the Form or Forms in Which it Should Be Produced.**

The parties all agree to produce spreadsheets, in native Excel format, with all original metadata intact. However, all other electronically stored information will be exchanged in TIFF format or PDF.

Notwithstanding the agreement to exchange in TIFF or PDF format, each party reserves the right, as to a particular electronic file, to a set of electronic files and/or to another pertinent subset of discoverable information/data, to request that another party produce that information in native format with all original metadata intact, or in a reasonable other format given the nature of the information or data. If such a request ensues and the producing party objects to it, the parties will meet and confer to try to resolve the dispute. In the event that such a dispute cannot be resolved by the parties on their own, the parties hereby agree that they each reserve the right to seek court intervention so that the judge in this case can resolve the dispute.

In addition, at the election of a party, with the consent of the other party, not to be unreasonably withheld, and considering the volume of information to be exchanged, the producing party may elect to produce such information by printing the files as documents and Bates numbering the documents. In any event, the parties agree to produce information in a manner such that it may be easily reviewed and interpreted by the receiving party and the Court.

**D. Rule 26(f)(3)(D) – Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials, Including – if the Parties Agree on a Procedure to Assert These Claims After Production – Whether to Ask the Court to Include Their Agreement in an Order**

The parties do not anticipate any particular, non-standard issues with respect to claims of privilege that may be asserted in this action. The parties do anticipate executing a stipulated protective order that will include clawback provisions, which will be submitted in due course for entry by the Court.

**E. Rule 26(f)(3) – What Changes Should Be Made in the Limitations on Discovery Imposed Under These Rules or By Local Rules, and What Other Limitations Should Be Imposed**

The parties do not anticipate any changes or specific limitations on discovery. However, given the amount of affirmative defenses alleged in Defendant's Answer (22), Plaintiff requests leave to propound 45 interrogatory requests, instead of 25. Defendant does not support this request.

**F. Rule 26(f)(3)(F) – Any Other Orders That the Court Should Issue Under Rule 26(C) or Under Rule 16(b) and (c).**

The parties do not propose that the Court issue any additional orders regarding protective orders under Rule 26(c), scheduling orders under Rule 16(b), or requirements for the pretrial conference under Rule 16(c) other than those contemplated herein.

## II.

## LOCAL RULE REQUIREMENTS, PURSUANT TO L.R. 26

**A. Complex Cases [L.R. 26-1(a)]**

This is an action for copyright infringement under federal law. The parties do not contend that this action will require compliance with procedures of the Manual for Complex Litigation.

**B. Motion Schedule [L.R. 26-1(b)]**

Plaintiff anticipates filing a motion for summary judgment. Both parties agree that hearings on these motions will be held no later than June 12, 2015 (45 days before trial). Moving and responding papers will be filed in accordance with L.R. 6.1, 7.9, and 7.10.

**C. Settlement [L.R. 26-1(c)]**

A monetary demand has been made by Plaintiff, but no meaningful settlement discussions have taken place. Plaintiff agrees to a settlement conference and believes that an early settlement conference would be beneficial. Plaintiff would be amendable to engage in a settlement conference anytime in October, 2014 or thereafter. As such, Plaintiff requests that a settlement conference be set by the Court.

Defendant is willing to engage in a settlement conference anytime in October, 2014 or thereafter.

**D. Trial Estimate [L.R. 26-1(e)]**

The parties estimate that the time required for trial will be 5 days. The parties have demanded a jury trial.

**E. Additional Parties [L.R. 26-1(e)]**

Plaintiff may name the individual(s) who created Defendant's commercial website and/or principals/managers of the corporate defendant should discovery disclose that such individual(s) and/or facts giving rise to liability. To date, Plaintiff has received no information pertaining to those individuals from Defendant.

**F. Expert Witnesses [L.R. 26-1(f)]**

At this time, the Parties anticipate the possibility of designating experts. Should the parties intend to retain any testifying experts, all mandatory disclosures for such experts, shall be made as follows: discovery by the party having the

burden of proof by February 16, 2015, by March 16, 2015, for the opposing party, and by April 15, 2015 replies to the opposing reports.

In compliance with Rule 26(a)(2), expert disclosures will include: the identity of any witness the party may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. In addition, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Respectfully Submitted,

DATED: October 15, 2014 WOOLF GAFNI & CIRLIN LLP

/s/ Adam I. Gafni
Adam I. Gafni
Attorney for Plaintiff
VINCENT KHOURY TYLOR

Dated: October 15, 2014

TINGLEY LAW GROUP, PC

By: /s/ Kevin W. Isaacson
KEVIN W. ISAACSON
Attorneys for Defendant